NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000141
18-DEC-2015
09:42 AM**

NO. CAAP-15-0000141

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

BALI HAI VILLAS, LTD., a Hawaii Limited Partnership,
and STEVEN GARNER, on behalf of himself and all other
limited partners of Hali Hai Villas Ltd.,
Plaintiffs/Counterclaim-Defendants/Appellants,
v
JAMES GIBSON, in his capacity as Successor Trustee of the
David E. Walters Trust, Defendant/Cross-Claim Defendant/Appellee,
and
GOODSILL ANDERSON QUINN & STIFEL, LLP,
Defendant/Cross-Claim Plaintiff/Cross-Claim Defendant/Appellee,
and
BALI HAI VILLAS, INC.,
Defendant/Cross-Claim Defendant/Counterclaim-Plaintiff/
Cross-Claim Plaintiff/Appellee,
and
ARDESHIR HORMOZYARI, LUCETTE WALTERS,
SPIZZIRRI FAMIY TRUST, CANDEE SPIZZIRRI,
KEKAHA MS, LLC, a Hawaii limited liability company,
LIHUE MS, LLC, a Hawaii limited liability company, and
KAUAI BEACH VILLAS PHASE II, LLC, a Hawaii limited liability
company, Defendants/Cross-Claim Defendants/Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 13-1-0053)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of Plaintiffs/Counterclaim-Defendants/
Appellants Bali Hai Villas, Ltd., and Steven Garner's (the
Appellants) appeal from the Honorable Kathleen N.A. Watanabe's
February 13, 2015 judgment in favor of Defendant/Cross-Claim
Defendant/Appellee James Gibson (Appellee Gibson) and against the

Appellants and Defendant/Cross-Claim Plaintiff/Cross-Claim Defendant/Appellee Goodsill Anderson Quinn & Stifel, LLP (Appellee Goodsill Anderson Quinn & Stifel), purportedly certified pursuant to Rule 54(b) of the Hawai'i Rules of Civil Procedure (HRCP), and (2) the record, it appears that we lack appellate jurisdiction because the February 13, 2015 judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2014), HRCP Rule 54(b), HRCP Rule 58, and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

Under HRS § 641-1(a), an "appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphasis added). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); Bailey v. DuVauchelle, 135 Hawai'i 482, 489, 353 P.3d 1024, 1031 (2015). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338.

The February 13, 2015 judgment neither resolves all claims against all parties nor contains the finding necessary for certification under HRCP Rule 54(b). Although the circuit court entered a separate February 13, 2015 interlocutory order granting Appellee Gibson's motion for HRCP Rule 54(b) certification, the Supreme Court of Hawai'i has explained that, based on the holding in Jenkins, "a party cannot appeal from a circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must be reduced to a judgment and the [HRCP Rule] 54(b) certification language must be contained therein." Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d

-2-

1234, 1239 (1994) (emphases added). The February 13, 2015 judgment does not contain the HRCP Rule 54(b) certification language, namely an express determination that "there is no just reason for delay" in the entry of judgment as to one or more but fewer than all of the claims or parties. Therefore, the February 13, 2015 judgment does not satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 54(b), HRCP Rule 58, and the holding in <u>Jenkins</u>. Absent an appealable final judgment, we lack appellate jurisdiction over appellate court case number CAAP-15-0000141, and the Appellants' appeal is premature. Therefore,

IT IS HEREBY ORDERED AND DECREED that appellate court case number CAAP-15-0000141 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, December 18, 2015.

Chief Judge

Associate Judge

Associate Judge

-3-